**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID CONRAD,<br><br>Petitioner,<br><br>v.<br><br>WARDEN MERENDINO,<br><br>Respondent. | Civil Action<br>No. 23-3781 (CPO)<br><br>**OPINION & ORDER** |

**O'HEARN, District Judge.**

Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). (ECF No. 6.) In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal, and concludes that dismissal without an answer and the record is not warranted. In addition to the merits, Respondent's answer must specifically address Petitioner's arguments on exhaustion.

Next, before the Court is Petitioner's motion for a preliminary injunction or temporary restraining order ("TRO"). (ECF No. 7.) By way of background, in his Petition, Petitioner challenges the loss of good time credits. (ECF No. 6, at 2.) According to Petitioner, a disciplinary hearing officer improperly sanctioned him for the use of a drug, Buprenorphine. (*Id*.) Petitioner alleges that the drug was in his system because he had a prescription for it, and medical staff at the prison provided it to him. (*Id*. at 5.) In terms of relief, it appears that Petitioner only seeks the dismissal of the charges against him and the restoration of his good time credits. (*Id*. at 6.) Further, it appears that Petitioner has not attempted to state a claim for medical malpractice or deliberate indifference to his medical needs. (*See id*. at 5–6.)

In his motion, Petitioner contends that medical staff at Federal Correctional Institution ("FCI") Fairton are "denying him medications due to his false drug use." (ECF No. 7, at 2.) In particular, he alleges that staff refuse to provide him with nerve damage and pain medications. (*Id*. at 2–3.) As a result, he asks the Court to order the Warden of FCI Fairton, Warden Merendino,[1] to reinstate his medications. (*Id*. at 3–4.)

Assuming *arguendo* that Petitioner otherwise meets the requirements for a TRO or preliminary injunction, this Court must dismiss his motion for lack of jurisdiction. Under § 2241(c)(3), this Court has jurisdiction to hear claims that a person "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g., Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation

---

[1] Warden Merendino is the only respondent in this case, and the only respondent in Petitioner's motion. To the extent Petitioner's motion seeks relief against the Bureau of Prisons, the Bureau of Prisons is not a party to this case. "The Court will not issue a TRO or preliminary injunction to a non-party." *Sczesny v. New Jersey*, No. 22-2314, 2022 WL 2047135, at *16 (D.N.J. June 7, 2022) (citing Fed. R. Civ. P. 65(d)(2)(A) (restricting a court's ability to issue injunctions and restraining orders to "parties" and other individuals not applicable in this case)); *Angle v. Montag*, No. 21-00252, 2022 WL 1156606, at *2 (W.D. Pa. Apr. 19, 2022) (explaining the "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it"); *see also Bailey v. Kauffman*, No. 22-01891, 2023 WL 5193516, at *4 (M.D. Pa. June 8, 2023).

omitted); *Johnson v. Warden Canaan USP*, 699 F. App'x 125, 126–27 (3d Cir. 2017). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

In this case, the Petition only challenges the Petitioner's disciplinary sanction and resulting loss of good time credits. (ECF No. 6, at 5–6.) The Petition does not, for example, raise a claim of medical malpractice or deliberate indifference to Petitioner's medical needs. (*See id*.) Rightfully so, as this Court lacks jurisdiction under § 2241 to hear ordinary medical claims which challenge an inmate's conditions of confinement. *E.g.*, *Muhammad*, 540 U.S. at 750; *Johnson*, 699 F. App'x at 126–27 (affirming the dismissal of a § 2241 petition, because the petitioner was challenging the conditions of his confinement rather than the execution of his sentence, and explaining that "[t]he proper means for seeking relief for these conditions of confinement claims is a [*Bivens*] action against the Bureau of Prisons"); *Leamer*, 288 F.3d at 542; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

As this Court lacks jurisdiction under § 2241 over any medical claims, the Petitioner cannot demonstrate that he is entitled to preliminary injunctive relief. A motion for injunctive relief must be related to the claims in his habeas petition. *Hartmann v. May*, No. 20-33, 2021 WL 4207207, at *1–2 (D. Del. Sept. 16, 2021); *see, e.g.*, *Talbert v. Beaver*, No. 22-0112, 2022 WL 4357472, at *2 (M.D. Pa. Sept. 20, 2022) ("[T]he Court completely lacks jurisdiction over claims raised in a motion for injunctive relief where those matters are unrelated to the underlying complaint." (internal quotation marks omitted)); *Pryor v. Harper*, No. 19-1387, 2021 WL 3563372, at *6 (W.D. Pa. Aug. 12, 2021) (same); *see also Ball v. Famiglio*, 396 Fed. Appx. 836, 838 (3d Cir.

2010); *Fatir v. Phelps*, No. 18-1549, 2021 WL 827142, at *9 (D. Del. Mar. 4, 2021) (collecting cases).

More specifically, "because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits the 'injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the'" petition. *Wright v. Hutchinson*, No. 22-111, 2023 WL 4408897, at *2 (W.D. Pa. June 6, 2023) (quoting *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017)); *Geiger v. Curry*, No. 21-2244, 2021 WL 4453628, at *10 n.8 (E.D. Pa. Sept. 29, 2021). Stated differently, a court must dismiss a request for injunctive relief if it is "not of the same character[] and deals with a matter lying wholly outside the issues in the suit." *E.g.*, *Talbert*, 2022 WL 4357472, at *2 (quoting *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997)); *Hubert v. Luscavage*, No. 21-01523, 2022 WL 782321, at *3 (M.D. Pa. Mar. 14, 2022).

In this case, the injury in Petitioner's motion, the deprivation of his medications, is unrelated to, and not of the "same character," as the permanent relief sought in his Petition, which is the restoration of good time credits. (ECF No. 7, at 3–4.); *Talbert*, 2022 WL 4357472, at *2; *Seldon*, 2020 WL 1495303, at *3. Accordingly, as Petitioner's motion is unrelated to the relief sought in his Petition, and because this Court lacks jurisdiction to hear medical claims under § 2241, the Court will dismiss the motion for lack of jurisdiction.

Alternatively, even if the Court had jurisdiction, the Court would dismiss Petitioner's motion as moot. Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313. If circumstances "prevent a court from being able

to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). Stated differently, a "favorable judicial decision" must be capable of redressing an injury traceable to the defendant. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

In the present case, it appears that Petitioner was transferred from FCI Fairton to Federal Detention Center Philadelphia, a few days after filing his motion for injunctive relief. (*See* ECF No. 8 (notice of undeliverable mail).) "[A] prisoner's claims for injunctive relief generally become moot on his transfer from the facility at issue." *E.g.*, *Washington v. Gilmore*, No. 21-2876, 2022 WL 1073873, at *2 (3d Cir. Apr. 11, 2022); *Noble v. Wetzel*, No. 22-1328, 2022 WL 16707071, at *4 (3d Cir. Nov. 4, 2022). As a result, the medical staff at FCI Fairton are no longer withholding any medications from Petitioner and are no longer responsible for providing those medications.

In other words, even if the Court found that the motion had merit and ordered Warden Merendino to direct his staff to provide the medications, those rulings would have no effect, constitutional or otherwise, on Petitioner, as he no longer resides at FCI Fairton. Consequently, there is no live controversy regarding Petitioner's motion, nor do any of the exceptions to mootness apply. *See generally In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003) (discussing the exceptions). For those reasons, the Court will alternatively dismiss the motion for a preliminary injunction or TRO as moot.[2] Accordingly,

**IT IS**, on this 4th day of December 2023,

---

[2] If Petitioner's medication issue persists at his new facility, (*see* ECF No. 11), he may raise the issue in his related *Bivens* action, Civ. No. 21-08462. The Court appointed counsel to represent him in that case.

**ORDERED** that the Petitioner's motion for a preliminary injunction or temporary restraining order, (ECF No. 7), is DISMISSED FOR LACK OF JURISDICTION, alternatively, it is DISMISSED AS MOOT; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 6), and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 6), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within sixty (60) days of the date of the entry of this Order, Respondent shall file and serve an answer which responds to the allegations and grounds in the Petition, and which includes all affirmative defenses Respondent seeks to invoke; Respondent's answer must specifically address Petitioner's arguments on exhaustion; and it is further

**ORDERED** that Respondent shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

**ORDERED** that within sixty (60) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion & Order upon Petitioner by regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**